ALVIN R. HURD v. ST. PAUL F. & M. INSURANCE CO.

*Insurance—Misdescription of risk.*

An insurance company sued to recover back certain moneys paid on a loss, on the ground of a misdescription of the risk and deceptive proofs of loss. The premises had been held adversely to the insured, who however had recovered against the holder on a first trial in ejectment, but had not taken out a writ of possession. The application for insurance was verbal and was made by the applicant's attorney who told the insurance agent of the ejectment suit and its result, and that the defendant had a right to a new trial. The agent filled out the policy, describing the premises as occupied by a tenant. *Held* that the case should have gone to the jury.

Error to Bay.    Submitted Oct. 10.    Decided Oct. 29.

ASSUMPSIT.    Defendant brings error.

*Dan P. Foote* and *John Moore* for plaintiff in error. Mistake in the proofs of the right of the insured does not forfeit his claim for insurance, *Nat. Life Ins. Co. v. Minch*, 53 N. Y., 151; *McBride v. Republic Ins. Co.*, 30 Wis., 562; *Franklin Ins. Co. v. Culver*, 6 Ind., 137; *Marion v. Great Republic Ins. Co.*, 35 Mo., 148; *Parker v. Amazon Ins. Co.*, 34 Wis., 363; *Ins. Cos. v. Weides*, 14

Wal., 375; *Huchberger v. Merch. Fire Ins. Co.*, 4 Biss., 265; *Moore v. Fire Ins. Co.*, 29 Me., 97; *Franklin F. Ins. Co. v. Updegraff*, 43 Penn. St., 350; *Sims v. State Ins. Co.*, 47 Mo., 54; errors in statements will be considered mistakes rather than fraudulent unless so proved, *Ayres v. Scribner*, 17 Wend., 407; as to the description of a risk where the premises are held by one who has only a right of occupancy, see *Hough v. Fire Ins. Co.*, 29 Conn., 10; *Ætna Ins. Co. v. Tyler*, 16 Wend., 385; *Miller v. Ins. Co.*, 31 Ia., 216; *Lorillard Ins. Co. v. McCulloch*, 21 Ohio St., 176; *Newhall v. Ins. Co.*, 52 Me., 180; *Rockford Ins. Co. v. Nelson*, 65 Ill., 415.

*Wisner & Draper* for defendant in error.

COOLEY, J. Suit was brought by the insurance company to recover of Hurd moneys which they had paid to him in settlement for a loss against which they had insured him. The grounds on which they claimed to recover were that the policy was void for misstatement of facts and for misdescription of the risk, and that the proofs of loss were deceptive and untrue.

Hurd resides, and did reside when the insurance was taken out, in the State of Ohio. The building on which the risk was taken was a hotel, situated near the mouth of Pine river in Bay county. Mr. Foote at Saginaw was agent for Hurd, and as such obtained the insurance of one Martin, who was agent of the company at that place. It was shown on the trial of the cause that the hotel had for a long time been held adversely to Hurd by one Mrs. Spears; that Hurd had brought ejectment against her in the U. S. Circuit Court and recovered a judgment; that no writ of possession had been taken out, and that Mrs. Spears still remained in possession, and under the statute was entitled to a new trial as matter of right on paying the costs. While this was the state of things Mr. Foote applied for the insurance, and without any written application, Martin wrote and delivered the policy.

In the policy the building was described as Hurd's "two story frame hotel building and addition, occupied by a tenant for hotel purposes"—a recital manifestly untrue so far as relates to possession. Martin was not called as a witness for the purpose of any explanation of this misrecital, but Mr. Foote testified that while he was making his brief for the purpose of participating in the ·trial of the ejectment suit Martin was frequently in his office and talked with him about the nature of Hurd's claim to the property, and saw the brief; that after the trial he told Martin of the result of the suit; that a judgment had been rendered· in Mr. Hurd's favor, but that Mrs. Spears still remained in possession and was entitled to a new trial if she saw fit to claim it, and Hurd was fearful that some accident might occur, and wanted the property insured; that the amount of insurance Hurd wanted was talked over, and Martin made inquiries of other persons concerning the value, and wrote up and issued the policy, the witness having nothing to do with directing the language that was inserted in it.

There was other evidence in the case which showed that Mrs. Spears claimed the land under a tax-title and a purchase at a sheriff's sale,—and the circuit judge in instructing the jury called their attention to this fact as establishing the untruthfulness of the recital that the building was occupied by a tenant. He then explained to them that Mrs. Spears might have been a tenant and still have been proceeded against in ejectment for holding over after her term had expired, and therefore explaining to Martin the position of the suit against her did not necessarily apprise him that she was in possession otherwise than as tenant. He then instructed them that if Foote merely disclosed that there was a litigation in regard to the property, he might have left Martin ·fairly to' understand that Mrs. Spears was in there in subserviency to the right which Hurd claimed as absolute owner of the property, and not denying it at all, and that if he did so, the recital in the policy being a

warranty of its truthfulness, the policy would be avoided by its falsity. Also that as Mr. Foote had not expressly testified that he explained the nature of the adverse claim of Mrs. Spears, it must be assumed that he explained only as far as he now says he did, namely, the condition of the litigation.

This instruction entitled the insurance company to the verdict, which was rendered in their favor. We think the circuit judge applied to the testimony of Mr. Foote a literal strictness which is hardly reasonable. Mr. Foote was familiar with the litigation and the grounds of it, and when he testifies that he talked with Martin concerning the nature of Hurd's claim and showed him his brief, we should make a somewhat violent assumption if we were to suppose that he left Martin to understand or infer that Hurd's claim was that of a landlord whose tenant was holding over. It is somewhat difficult to imagine what Mr. Foote could have said of his client's claim which would have been consistent with the existence of a tenancy without falsifying the facts.

It is suggested that the explanation by Mr. Foote to Martin was before there was any negotiation for insurance. This may be true, but it sufficiently appeared that the conversations which took place when the insurance was applied for were shortly afterwards, and were had with the explanations in mind, which indeed were expressly referred to.

The circuit judge appears to have assumed that had Mrs. Spears been in position of a tenant holding over and contesting the right of her landlord, the policy would have been valid. If so, it is not very clear that the misrecital of fact should avoid it. When a party is in possession contesting the right of the insured to the possession, the question whether the risk from fire depends upon the nature of the claim he makes is one somewhat difficult to be disposed of as matter of law. An obstinate and contentious tenant who resists to the last extremity his landlord's right would certainly not

be a desirable person with whom to entrust the tenement insured for his landlord's benefit: perhaps as little desirable as the adverse claimant.

Our view of this case renders necessary a new trial. A question is made of the fraud of Hurd in obtaining the insurance money on untrue proofs; but it is one that should be passed upon by the jury.    In this case it was taken from the jury by the charge.

The judgment must be reversed, with costs, and a new trial ordered.

CAMPBELL, C. J., and GRAVES, J., concurred; MARSTON, J., did not sit in this case.